Haywood,
 
 Justice.-
 

 This act extends to actions of debt, and to. assumpsits.; The legislature, speaking to the plaintiff, say where the defendant was in the same district with yourself, so that it will not be very inconvenient for you to sue him in his own county, which is near, you shall not harrass him with the expences, of .a suit in the superior court unless your demand be ef importance in point of value, and that standard shall be one hundred pounds ; but if he lives in another district, where it Would, be very inconvenient for you to sue in his own county,, your convenience shall be so far consulted, as that you shall be permitted to sue him in the superior court of your own district, provided the value of your demand be fifty pound; And in order to compel yo.u to an observance of this you shall be nonsuited in case you do not prove she necessary sum due upon, trialexcept where part of the demand cannot be-recovered for want of proof or is barred by length of time, though originally justand this must be shewn by affit davit; in which case, there may be a recovery far what is Well proven j if that, together with what is lost, amount to the sunt necessary to give jurisdiction to this court. It is intended that the second proviso in the tenth section ©f
 
 17,77,
 
 chap. 2, must be considered as excepting some case out of the enacting part o£ shat clause, otherwise it. was nugatory, and then it would follow, the word “ not” should be rejected, and the- clause would then signify that suits upon bonds with, a penalty should not.be subject to go off by nonsuit, although the balance, due upon them was of Jess value than the sum required by the clause in other cases to give jurisdiction to the court But in the.first place I would ask,, is there any reason to distinguish the case, of a bond with a penalty from a single bill or bond without one, that should induce the: legislature to have had the intention attributed.to them, and
 
 Z
 
 think there is notnext, this very clause has been re-enacted by a law subsequent to that of 1/7''*, and.the word “ not” is retained j it was either put in
 
 ex abundanta cautela
 
 to inforce the former part of the act more strongly ; or perhaps it was intended as an, exception to the first proviso, and meant to pay. that bonds with a penalty, where the balance was-under fifty pounds, should-nob
 
 *52
 
 be protected from a nonsuit, by the penalty or by such affidavit as was allowed in the other proviso — whatever may have ‘oren the meaning of the legislature it certainly could not mean to distinguish bonds with penalties from single bills, for the purpose of making them smaller in the superior court where losswas clue upon them than the sum necessary to give jurisdiction to the court, it is argued that want of jurisdiction should be taken no advantage of by plea in abatement, and not after a plea in chief, which always admits jurisdiction; This is true at the common law, but in the present case the legislature saw it could not be well done in all cases by plea in abatement, and therefore they altered the order of pleading. Suppose payments have been made on a bond, and not endorsed, which reduce the sum under fifty pounds, ora release or other discharge given for part, and the' original sum be sued for and the defendant pleads the sum really due is of less value than fifty pounds; the plaintiff replies, it is ef the value of fifty pounds, and the defendant offers pay merits in evidence; under this issue he cannot be permitted to prove them, and yet the sum really due is under fifty pounds; if he cannot therefore take advantage of want of jurisdiction by some other means than by plea in abatement, he would lose the benefit of this act, and therefore the legislature has directed it to be taken by way of nonsuit: after all the evidence is given and when the jury have pronounced their verdict, and before it is entered, is, the proper time to take advantage of the act.
 
 A
 
 plea in abatement is entered to save expence by preventing a trial when the action in its present form is not legally supportable. — But if all the evidence is to be examined upon a plea in abatement, in order to discover whether the sum sued for is really of the necessary value or not, then a plea in abatement is not at all preferable in point of saving expence, to a plea in chief, and that was qne further consideration that operated with the legislature to direct a nonsuit. It is argued that this is a bond for depreciated money which upon the face of it is of sufficient value to give jurisdiction to this court; for the jury were-at liberty to value it by applying the scale at the time when the debt was contracted, as well as when it became payable; in the former case it would have been of fifty pounds value and upwards : The answer to, this is, the plaintiff knew the circumstances under which the debt was contracted s If these circumstances entitled him to have the money in the bond estimated according to the vaiue of currency when the bond was executed, then it would amount to, fifty pounds, and he might safely sue. If the circumstances would not entitle him to have it admitted in that manner, then, the money in the bond was of less value; and when the jury have pronounced its value, their verdict if not set aside, is the highest evidence of the value of the money, and proves that the plaintiff has come improperly ahd against law into this, eonrt,
 
 *53
 
 The plaintiff :3 as much bound to know the vait’c oldepreci-ated bond, as he is the balance of a bond not deprevir? A
 

 It is next argued, that the plaintiff is the present rase, i's‘d:-* in Virginia ; and that suing here, he might as well sue in tita superior as in the county court for a debt oí
 
 £.d0.
 
 And if the legislature considered the expence in making the claim *» question to determine their intention as to a suit in the county court on such a case as the present, rather than one in the superior court, the trouble of attending is equal and the expence to the defendant, is greater in the latter court, and therefore the action should have been brought in the county court; the answer is, the defendant may be sued to a court out of his district when the debt is of fifty pounds value, to suit the plaintiff1!- convenience ; and he cannot complain if he is sued for thatsu-a in use superior court of his own district, where the plaintiff is obliged to come to that court from a great distance ; perhaps it is less troublesome to the defendant to attend there to answer a debt of fifty pounds, than it Í3 to attend to the suit of one of his own citizens out of his district
 
 ¡
 
 and the foreigner should in justice have the same advantage as is allowed to citizens — and this can only be attained by allowing him to sue in the superior court for the same sum as he might have sued for had he been a "citizen residing in another district; he may have actions of fifty pounds value against persons residing in several counties of the same district j and it would be far more convenient for him to sue them altogether in the superior court where his business might be all attended to at and the same time, than be obliged to almost perpetual attendance on the several county courts at different times and places ; and as to the defendant, it subjects him to no more inconvenience than he would be subjected to if the debt belonged to any other person not residing in his district, though a citizen of the state.
 

 E ana of opinion", as the jury have found a verdict for a less gum than fifty pounds, that a non-suit ought to be entered.